IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

PAUL E. SWAIN, III, individually,
as next of kin of and as representative
of the Estate of PRISCILLA M. SWAIN,
deceased,

       Plaintiff,

                           Civil Action No.: 1:08-cv-1941

vs.

MERCK & CO., INC.,

       Defendant.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, PAUL E. SWAIN, III, as next of kin and representative of the Estate of

PRISCILLA M. SWAIN, deceased, through undersigned attorneys Levin, Papantonio et al.,

files this Wrongful Death Complaint, sues Defendant Merck & Company, Inc., and alleges

as follows:

### I. JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to 28 U.S.C. §§1332, as complete diversity

exists between Plaintiff and Defendant.  Plaintiff is a resident of the State Of

Oklahoma, and Defendant is incorporated and has its primary place of business in the

State of New Jersey.  The amount in controversy, exclusive of interest and costs,

exceeds $75,000.

2.      Venue is proper within this district pursuant to Case Management Order No. 3, filed

November 1, 2006, signed by John F. Keenan, allowing Fosamax-related cases to be

filed directly in the Southern District of New York.

## II. PARTIES

3.    PRISCILLA M. SWAIN was born on January 12, 1922.  At all relevant times Ms.

Swain was a resident of the State of Oklahoma, and used FOSAMAX from

approximately June 2002 until May 2006.  Plaintiff is a citizen of the State of

Oklahoma and is the surviving son of Ms. Swain.  Ms. Swain died and left three

children, Plaintiff, Marilyn Shafer, and Maurine K. Cullen.  Plaintiff is the

Independent Executrix of the Estate as adjudicated in the District Court of Tulsa

County in the State of Oklahoma on November 20, 2006.  In addition to his own

individual interest, Plaintiff represents the interests of the Estate of PRISCILLA M.

SWAIN, and the interest of the other surviving heirs, Marilyn Shafer and Maurine

K. Cullen.  Plaintiff brings this action to recover damages for personal injuries

sustained by decedent, PRISCILLA M. SWAIN, after taking FOSAMAX.

4.    Defendant is a corporation organized and existing under the laws of the State of New

Jersey, with its principal place of business in New Jersey. .  The Defendant's

registered office is at 820 Bear Tavern Road, City of West Trenton, Mercer County,

New Jersey.

5.    Defendant was at all relevant times authorized to conduct business in the State of

Oklahoma.

6.    At all times relevant Defendant regularly transacted business in the State of

Oklahoma and continues to do so.

-2-

7.   At all relevant times Defendant, through its agents, servants, employees and apparent agents was the designer, manufacturer, marketer, distributor and seller of FOSAMAX, a bisphosphonate drug used primarily to mitigate or reverse the effects of osteoporosis.

8.   Defendant, either directly or through its agents, apparent agents, servants or employees, at all relevant times, sold and distributed FOSAMAX in the State of Oklahoma for the treatment or prevention of osteoporosis, Paget's Disease and other off-label uses.

9.   Defendant derives substantial revenue from pharmaceutical products used or consumed in the State of Oklahoma.

10.  Defendant expected, or should have expected, that its business activities could or would have consequences within the State of Oklahoma.

### III. SUMMARY OF THE CASE

11.  Defendant, either directly or through its agents, apparent agents, servants or employees designed, manufactured, marketed, advertised, distributed and sold FOSAMAX for the treatment of osteoporosis, Paget's Disease, and other off-label uses.

12.  As a result of the defective nature of FOSAMAX, persons who were prescribed and ingested FOSAMAX, including Ms. Swain, have suffered and may continue to suffer severe and permanent personal injuries to the jaw bone, including osteonecrosis of the jaw and other diagnoses of irreversible damage to the jaw.

-3-

13.  Defendant concealed its knowledge of FOSAMAX's unreasonably dangerous risks from Decedent PRISCILLA M. SWAIN, other consumers, and the medical community.

14.  Defendant failed to conduct adequate and sufficient post-marketing surveillance of FOSAMAX after it began marketing, advertising, distributing, and selling the drug.

15.  As a result of Defendant's actions, Ms. Swain was injured due to her ingestion of Fosamax, which caused Ms. Swain various injuries and damages including Ms. Swain's death. Plaintiff accordingly seeks compensatory damages.

## IV. FACTUAL BACKGROUND

16.  At all relevant times Defendant was responsible for, or involved in, designing, manufacturing, marketing, advertising, distributing, and selling FOSAMAX.

17.  In September 1995, the United States Food and Drug Administration ("FDA") approved Merck's compound alendronate, which is marketed by Merck as FOSAMAX, for various uses, including the treatment of osteoporosis and Paget's Disease.

18.  FOSAMAX falls within a class of drugs known as bisphosphonates. Bisphosphonates are used for treating bone conditions such as osteoporosis and Paget's disease. Other drugs within this class such as Aredia and Zometa are also used as chemotherapy and as adjunct chemotherapy but are not indicated for use in non-cancerous conditions such as osteoporosis.

19.  There are two classes of bisphosphonates: the N-containing (nitrogenous) and non-N-

-4-

containing (non-nitrogenous) bisphophonates. The nitrogenous bisphophonates include the following: pamidronate (Aredia); ibandronate (Bondronat); and alendronate (FOSAMAX). The non-nitrogenous bisphosphonates include the following: etridonate (Didronel); clodronate (Bonefos and Loron); and tiludronate (Skelid). Alendronate, like the others, contains a nitrogen atom, whereas etridonate, clodronate, and tiludronate do not. The PDR for FOSAMAX confirms that the molecule contains a nitrogen atom.

20.    Throughout the 1990s and 2000s, medical articles and studies appeared reporting the frequent and common occurrence of osteonecrosis of the jaw within the nitrogenous bisphosphonates used for chemotherapy. As with its reported and acknowledged side effects concerning irritation, erosion, and inflammation of the upper gastrointestinal tract, Merck knew or should have know that FOSAMAX, as a nitrogenous bisphosphonate, shared a similar adverse event profiles to the other drugs within this specific subclass of bisphosphonates (i.e., those containing nitrogen).

21.    Merck knew and or should have known that bisphosphonates, including FOSAMAX, inhibit endothelial cell function. Similarly, Merck knew or should have known that Bisphosponates also inhibit vascularization of the affected area and induce ischemic changes specific to patients mandibles (lower jaws) and maxillae (upper jaws) and that these ischemic changes appear to be cumulative in nature.

22.    Merck also knew or should have known that these factors combine to create a compromised vascular supply in the affected area. As a result, a minor injury or

-5-

disease can turning into a non-healing wound. That in turn can progress to widespread necrosis (bone death) and osteomyelitis (inflammation of bone marrow).

23. Dentists are now being advised by state dental associations to refrain from using any invasive procedure (such as drilling a cavity) for any patient on FOSAMAX.

24. Once the osteonecrosis begins and becomes symptomatic, it is very difficult to treat and is not reversible.

25. Shortly after Defendant began selling FOSAMAX, reports of osteonecrosis of the jaw and other dental complications among users began surfacing, indicating that FOSAMAX shared the class effects of the other nitrogenous bisphosphonates. Despite this knowledge, Defendant failed to implement further study risk of osteonecrosis of the jaw relative to FOSAMAX. Rather than evaluating and verifying the safety of FOSAMAX with respect to osteonecrosis of the jaw, Defendant proposed further uses of FOSAMAX, such as FOSAMAX-D, and sought to extend the exclusivity period of FOSAMAX through 2018.

26. Osteonecrosis of the jaw is a serious medical event and can result in severe disability and death.

27. Since FOSAMAX was released, the FDA has received a number of reports of osteonecrosis of the jaw among users of FOSAMAX.

28. On August 25, 2004, the United States Food & Drug Administration ("FDA") posted its ODS Postmarketing Safety Review on bisphosphonates - - specifically pamidronate (Aredia), zoledronic acid (Zometa), risedronate (Actonel), and

-6-

alendronate (FOSAMAX). This was an epidemiologic review of the FDA adverse events database conducted by the FDA's Division of Drug Risk Evaluation.

29.     As a result of the FDA Review, the FDA observed that the risk of osteonecrosis of the jaw was not confined to bisphosphonates used for chemotherapy. The FDA's review indicated that the osteonecrosis of the jaw was a class effect which specifically extended to the oral bisphosphonate, FOSAMAX.

30.     As a result, the FDA recommended and stated that the labeling for FOSAMAX should be amended by Merck to specifically warn about the risk of osteonecrosis of the jaw. Merck has refused to accede to the FDA's request and, to this day, still does not warn of the risk of osteonecrosis of the jaw in its FOSAMAX labeling.

31.     Rather than warn patients, and despite knowledge known by Defendant about increased risk of osteonecrosis of the jaw on patients using FOSAMAX, Defendant continues to defend FOSAMAX and minimize unfavorable findings.

32.     FOSAMAX is one of Defendant's top selling drugs. Averaging more than $3 billion a year in sales.

33.     Consumers, including Ms. PRISCILLA M. SWAIN, who have used FOSAMAX for treatment or prevention of osteoporosis, Paget's Disease and/or other off-label uses, have several alternative safer products available to treat their conditions.

34.     Defendant knew of the significant risk of dental and oral complications caused by ingestion of FOSAMAX, but Defendant did not adequately and sufficiently warn consumers, including PRISCILLA M. SWAIN, or the medical community, of such

-7-

risks.

35.   As a direct result, Ms. Swain was prescribed FOSAMAX and was permanently and
      severely injured, having suffered serious consequences from the ingestion of
      FOSAMAX. Until her death, Ms. Swain required extensive ongoing medical care
      and treatment as a result of these injuries.

36.   Ms. Swain suffered from mental anguish from the knowledge that she would have
      life-long complications as a result of the injuries she sustained from the use of
      FOSAMAX. The complications ultimately led to her death on May 28, 2006.

37.   Ms. Swain was prescribed and began taking FOSAMAX in June 2002.

38.   Ms. Swain used FOSAMAX as prescribed and in a foreseeable manner.

39.   As a direct and proximate result of using FOSAMAX, Ms. Swain suffered a severe
      injury that eventually led to her death.

40.   Ms. Swain, as a direct and proximate result of using FOSAMAX, suffered severe
      mental and physical pain and suffering, permanent injuries, emotional distress and
      death.

41.   Ms. Swain used FOSAMAX which had been provided to her in a condition that was
      substantially the same as the condition in which it was manufactured and sold.

42.   Ms. Swain would not have used FOSAMAX had Defendant properly disclosed the
      risks associated with the drug. Alternatively, Ms. Swain would have known the
      precursor events of osteonecrosis of the jaw and would have been able to avoid the
      clinical manifestation of the symptoms as they currently exist.

43.    Defendant, through its affirmative misrepresentations and omissions, actively concealed from Ms. Swain and her physicians the true and significant risks associated with taking FOSAMAX. The running of any applicable statute of limitations has been tolled by reason of Defendant's fraudulent concealment.

44.    As a result of Defendant's actions, Ms. Swain and her prescribing physicians were unaware, and could not have reasonably known or have learned through reasonable diligence, that Ms. Swain had been exposed to the risks identified in this complaint, and that those risks were the direct and proximate result of Defendant's acts, omissions, and misrepresentations.

## COUNTS

## COUNT I:  NEGLIGENCE

45.    Plaintiff re-alleges the above paragraphs as if fully set forth herein.

46.    Defendant owed Ms. Swain, and other consumers, a duty to exercise reasonable care when designing, manufacturing, marketing, advertising, distributing, and selling FOSAMAX.

47.    Defendant failed to exercise due care under the circumstances and therefore breached this duty by:

a.  failing to properly and thoroughly test FOSAMAX before releasing the drug to market;

b. failing to properly and throughly analyze the data resulting from the pre-marketing tests of FOSAMAX;

c. failing to conduct sufficient post-market testing and surveillance of FOSAMAX;

d. designing, manufacturing, marketing, advertising, distributing, and selling FOSAMAX to consumers, including Ms. Swain, without an adequate warning of the significant and dangerous risks of FOSAMAX and without proper instructions to avoid the harm which could foreseeably occur as a result of using the drug;

e. failing to exercise due care when advertising and promoting FOSAMAX; and

f. negligently continuing to manufacture, market, advertise, and distribute FOSAMAX after Defendant knew or should have known of its adverse effects.

48.    As a direct and proximate consequence of Defendant's actions, omissions, and misrepresentations, Ms. Swain sustained serious injuries resulting in decedent's death.

49.    Paul E. Swain, III is the Personal Representative of the Estate of Priscilla M. Swain. A copy of the Letters of Administration is attached as Exhibit A.

50.    Ms. Swain and her prescribing physicians were unaware, and could not have reasonably known or have learned through reasonable diligence, that Ms. Swain had been exposed to the risks identified in this complaint, and that those risks were the direct and proximate result of Defendant's acts, omissions, and misrepresentations. Priscilla M. Swain died, leaving survivors as defined by New York law.

51.    The Estate of Priscilla M. Swain suffered a loss of net accumulations due to the premature death of Priscilla M. Swain, and the personal representative incurred medical and funeral expenses for the burial and funeral services of the deceased.

52.   Defendant's conduct as described above was committed with knowing, conscious,

wanton, willful, and deliberate disregard for the value of human life and the rights

and safety of consumers such as Ms. Swain, thereby entitling her estate to punitive

damages so as to punish Defendant and deter it from similar conduct in the future.

## COUNT II: STRICT LIABILITY

53.   Plaintiff re-alleges the above paragraphs as if fully set forth herein.

54.   Defendant manufactured, sold, distributed, marketed, and/or supplied FOSAMAX

in a defective and unreasonably dangerous condition to consumers, including Ms.

Swain.

55.   Defendant designed, manufactured, sold, distributed, supplied, marketed, and/or

promoted FOSAMAX, which was expected to reach and did in fact reach consumers,

including Plaintiff, without substantial change in the condition in which it was

manufactured and sold by Defendant.

56.   Ms. Swain used FOSAMAX as prescribed and in a manner normally intended,

recommended, promoted, and marketed by Defendant.

57.   FOSAMAX failed to perform safely when used by ordinary consumers, including

Ms. Swain, including when it was used as intended and in a reasonably foreseeable

manner.

58.   FOSAMAX was defective in its design and was unreasonably dangerous in that its

unforeseeable risks exceeded the benefits associated with its design or formulation.

59.   FOSAMAX was defective in design or formulation in that it posed a greater

likelihood of injury than other similar medications and was more dangerous than an ordinary consumer could reasonably foresee or anticipate.

60.    FOSAMAX was defective in its design and was unreasonably dangerous in that it neither bore nor was packaged with nor accompanied by warnings adequate to alert consumers, including Ms. Swain, of the risks described herein, including, but not limited to, the risk of osteonecrosis of the jaw.

61.    Although Defendant knew or should have known of the defective nature of FOSAMAX, it continued to design, manufacture, market, and sell FOSAMAX so as to maximize sales and profits at the expense of the public health and safety. By so acting, Defendant acted with conscious and deliberate disregard of the foreseeable harm caused by FOSAMAX.

62.    Ms. Swain and her physicians could not, through the exercise of reasonable care, have discovered FOSAMAX's defects or perceived the dangers posed by the drug.

63.    Ms. Swain and her prescribing physicians were unaware, and could not have reasonably known or have learned through reasonable diligence, that Ms. Swain had been exposed to the risks identified in this complaint, and that those risks were the direct and proximate result of Defendant's acts, omissions, and misrepresentations. Priscilla M. Swain died, leaving survivors as defined by New York law.

64.    The Estate of Priscilla M. Swain suffered a loss of net accumulations due to the premature death of Priscilla M. Swain, and the personal representative incurred medical and funeral expenses for the burial and funeral services of the deceased.

-12-

65.    Defendant's conduct as described above was committed with knowing, conscious, wanton, willful, and deliberate disregard for the value of human life and the rights and safety of consumers such as Ms. Swain, thereby entitling her estate to punitive damages so as to punish Defendant and deter it from similar conduct in the future.

## COUNT III:  BREACH OF EXPRESS WARRANTY

66.    Plaintiff re-alleges the above paragraphs as if fully set forth herein.

67.    Defendant expressly represented to Ms. Swain, her physicians, other consumers and the medical community that FOSAMAX was safe and fit for its intended purposes, was of merchantable quality, did not produce any dangerous side effects, and had been adequately tested.

68.    FOSAMAX does not conform to Defendant's express representations because it is not safe, has numerous and serious side effects, and causes severe and permanent injuries.

69.    At all relevant times FOSAMAX did not perform as safely as an ordinary consumer would expect, when used as intended or in a reasonably foreseeable manner.

70.    Ms. Swain, her physicians, other consumers, and the medical community relied upon Defendant's express warranties.

71.    Ms. Swain and her prescribing physicians were unaware, and could not have reasonably known or have learned through reasonable diligence, that Ms. Swain had been exposed to the risks identified in this complaint, and that those risks were the direct and proximate result of Defendant's acts, omissions, and misrepresentations.

Priscilla M. Swain died, leaving survivors as defined by New York law.

72.  The Estate of Priscilla M. Swain suffered a loss of net accumulations due to the premature death of Priscilla M. Swain, and the personal representative incurred medical and funeral expenses for the burial and funeral services of the deceased.

73.  Defendant's conduct as described above was committed with knowing, conscious, wanton, willful, and deliberate disregard for the value of human life and the rights and safety of consumers such as Ms. Swain, thereby entitling her estate to punitive damages so as to punish Defendant and deter it from similar conduct in the future.

## COUNT IV: BREACH OF IMPLIED WARRANTY

74.  Plaintiff re-alleges the above paragraphs as if fully set forth herein.

75.  Defendant manufactured, distributed, advertised, promoted, and sold FOSAMAX.

76.  At all relevant times, Defendant knew of the use for which FOSAMAX was intended and impliedly warranted the product to be of merchantable quality and safe and fit for such use.

77.  Defendant was aware that consumers, including Ms. Swain, would use FOSAMAX for treatment or prevention of osteoporosis or Paget's Disease and for other off-label purposes.

78.  Ms. Swain, her physicians, and the medical community, reasonably relied upon the judgment and sensibility of Merck to sell FOSAMAX only if it was indeed of merchantable quality and safe and fit for its intended use.

79.  Defendant breached its implied warranty to consumers, including Ms. Swain;

-14-

FOSAMAX was not of merchantable quality or safe and fit for its intended use.

80. Consumers, including Ms. Swain, her physicians, and the medical community, reasonably relied upon Defendant's implied warranty for FOSAMAX.

81. FOSAMAX reached consumers including Ms. Swain without substantial change in the condition in which it was manufactured and sold by Defendant.

82. Ms. Swain and her prescribing physicians were unaware, and could not have reasonably known or have learned through reasonable diligence, that Ms. Swain had been exposed to the risks identified in this complaint, and that those risks were the direct and proximate result of Defendant's acts, omissions, and misrepresentations. Priscilla M. Swain died, leaving survivors as defined by New York law.

83. The Estate of Priscilla M. Swain suffered a loss of net accumulations due to the premature death of Priscilla M. Swain, and the personal representative incurred medical and funeral expenses for the burial and funeral services of the deceased.

84. Defendant's conduct as described above was committed with knowing, conscious, wanton, willful, and deliberate disregard for the value of human life and the rights and safety of consumers such as Ms. Swain, thereby entitling her estate to punitive damages so as to punish Defendant and deter it from similar conduct in the future.

## COUNT V: FRAUDULENT MISREPRESENTATION

85. Plaintiff re-alleges the above paragraphs as if fully set forth herein.

86. Defendant made fraudulent misrepresentations with respect to FOSAMAX in the following particulars:

-15-

    a. Defendant represented through its labeling, advertising, marketing materials, detail persons, seminar presentations, publications, notice letters, and regulatory submissions that FOSAMAX had been tested and found to be safe and effective for the treatment of osteoporosis and Paget's Disease; and

    b. Defendant represented that FOSAMAX was safer than other alternative medications.

87. Defendant knew that its representations were false, yet it willfully, wantonly, and recklessly disregarded its obligation to provide truthful representations regarding the safety and risk of FOSAMAX to consumers, including Ms. Swain, her physicians and the medical community.

88. The representations were made by Defendant with the intent that doctors and patients, including Ms. Swain and her physicians, rely upon them.

89. Defendant's representations were made with the intent of defrauding and deceiving Ms. Swain, other consumers, and the medical community to induce and encourage the sale of FOSAMAX.

90. Ms. Swain, her physicians and others relied upon the representations.

91. Defendant's fraudulent representations evinced its callous, reckless, willful, and depraved indifference to the health, safety, and welfare of consumers, including Ms. Swain.

92. Ms. Swain and her prescribing physicians were unaware, and could not have reasonably known or have learned through reasonable diligence, that Ms. Swain had

-16-

been exposed to the risks identified in this complaint, and that those risks were the direct and proximate result of Defendant's acts, omissions, and misrepresentations. Priscilla M. Swain died, leaving survivors as defined by New York law.

93.  The Estate of Priscilla M. Swain suffered a loss of net accumulations due to the premature death of Priscilla M. Swain, and the personal representative incurred medical and funeral expenses for the burial and funeral services of the deceased.

94.  Defendant's conduct as described above was committed with knowing, conscious, wanton, willful, and deliberate disregard for the value of human life and the rights and safety of consumers such as Ms. Swain, thereby entitling her estate to punitive damages so as to punish Defendant and deter it from similar conduct in the future.

## COUNT VI: FRAUDULENT CONCEALMENT

95.  Plaintiff re-alleges the above paragraphs as if fully set forth herein.

96.  Defendant fraudulently concealed information with respect to FOSAMAX in the following particulars:

a.  Defendant represented through its labeling, advertising, marketing materials, detail persons, seminar presentations, publications, notice letters, and regulatory submissions that FOSAMAX was safe and fraudulently withheld and concealed information about the substantial risks of using FOSAMAX; and

b.  Defendant represented that FOSAMAX was safer than other alternative medications and fraudulently concealed information which demonstrated that FOSAMAX was not safer than alternatives available on the market.

-17-

97. Defendant had sole access to material facts concerning the dangers and unreasonable risks associated with FOSAMAX.

98. Defendant's concealment of information about the risks associated with taking FOSAMAX was intentional, and the representations made by Defendant were known by Defendant to be false.

99. The concealment of information and the misrepresentations about FOSAMAX were made by Defendant with the intent that doctors and patients, including Ms. Swain and her physicians, rely upon them.

100. Ms. Swain, her doctors, and others relied upon the representations and were unaware of the substantial dental and oral risks associated with taking FOSAMAX that Defendant had concealed from them.

101. Ms. Swain and her prescribing physicians were unaware, and could not have reasonably known or have learned through reasonable diligence, that Ms. Swain had been exposed to the risks identified in this complaint, and that those risks were the direct and proximate result of Defendant's acts, omissions, and misrepresentations. Priscilla M. Swain died, leaving survivors as defined by New York law.

102. The Estate of Priscilla M. Swain suffered a loss of net accumulations due to the premature death of Priscilla M. Swain, and the personal representative incurred medical and funeral expenses for the burial and funeral services of the deceased.

103. Defendant's conduct as described above was committed with knowing, conscious, wanton, willful, and deliberate disregard for the value of human life and the rights

and safety of consumers such as Ms. Swain, thereby entitling her estate to punitive damages so as to punish Defendant and deter it from similar conduct in the future.

## VI. GLOBAL PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant, as follows:

    a.  compensatory damages on each cause of action;

    b.  punitive damages on each cause of action;

    c.  reasonable attorneys' fees where recoverable;

    d.  costs of this action; and

    e.  such other additional and further relief as the Court may deem necessary, appropriate, and just.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all counts and issues so triable.

<div style="margin-left: 40%;">

_____

MEGHAN M. TANS
TIMOTHY O'BRIEN
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
ECHSNER & PROCTOR, P.A.
316 South Baylen Street, Suite 600 (32502)
P. O. Box 12308
Pensacola, Florida 32591
Telephone(850) 435-7084
FAX (850) 435-7020

</div>

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all counts and issues so triable.


MEGHAN M. TANS
TIMOTHY O'BRIEN
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
ECHSNER & PROCTOR, P.A.
316 South Baylen Street, Suite 600 (32502)
P. O. Box 12308
Pensacola, Florida 32591
Telephone(850) 435-7084
FAX (850) 435-7020

-20-

IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

DISTRICT COURT
F I L E D

NOV 2 0 2006

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

In the Matter of the Estate of

PRISCILLA MANLEY SWAIN
Deceased                          No PB-2006-863

LETTERS TESTAMENTARY

The Last Will and Testament of PRISCILLA MANLEY SWAIN, having been proved and recorded in the District Court of the County of Tulsa, State of Oklahoma, and the Petitioner having been named in the Will to serve as Personal Representative herein.

PAUL E. SWAIN III is hereby appointed Personal Representative.

WITNESS, Honorable Linda G. Morrissey, Judge of the District Court, Tulsa County, State of Oklahoma, this _____ day of _____ 2006.

LINDA G. MORRISSEY
JUDGE OF THE DISTRICT COURT

Sally Howe Smith, Court Clerk, for Tulsa County, Oklahoma hereby certify that the foregoing is a true, correct and full copy of the instrument herewith set out as appears on record in the Court Clerk's Office, Tulsa County, Oklahoma, this

NOV 2 0 2006

By_____
Deputy

EXHIBIT: A

STATE OF OKLAHOMA )
                  ) SS
COUNTY OF TULSA   )

I, PAUL E. SWAIN III, do solemnly swear that I will faithfully perform according to law the duties of Personal Representative of the Estate of Priscilla Manley Swain. So Help Me God.

_____
Paul E. Swain III

Subscribed and sworn to before me this _____ day of _____, 2006.

_____
LINDA G. MORRISSEY
JUDGE OF THE DISTRICT COURT

JS 44C/SDNY
REV. 12/2005

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

| PLAINTIFFS PAUL E. SWAIN, III, individually, as next of kin of and as representative of the Estate of PRISCILLA M. SWAIN, deceased | DEFENDANTS MERCK & CO., INC. |
|---|---|
| ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) LEVIN, PAPANTONIO, ET. AL., 316 S. BAYLEN STREET, SUITE 600, PENSACOLA, FL 32591 | ATTORNEYS (IF KNOWN) Meghan M. Tans, Timothy M. O'Brien |

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)

28 U.S.C. 1332
PRODUCT LIABILITY - DEFECTIVE PHARMACEUTICAL (Fosamax)

Has this or a similar case been previously filed in SDNY at any time? No ☐ Yes? ☒  Judge Previously Assigned KEENAN

If yes, was this case Vol.☐ Invol. ☐ Dismissed. No ☒ Yes ☐  If yes, give date _____ & Case No. _____

*(PLACE AN [x] IN ONE BOX ONLY)* NATURE OF SUIT

ACTIONS UNDER STATUTES

### TORTS

**CONTRACT**
- [ ] 110 INSURANCE
- [ ] 120 MARINE
- [ ] 130 MILLER ACT
- [ ] 140 NEGOTIABLE INSTRUMENT
- [ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
- [ ] 151 MEDICARE ACT
- [ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
- [ ] 153 RECOVERY OF OVERPAYMENT OF VETERANS BENEFITS
- [ ] 160 STOCKHOLDERS SUITS
- [ ] 190 OTHER CONTRACT
- [ ] 195 CONTRACT PRODUCT LIABILITY
- [ ] 196 FRANCHISE

**PERSONAL INJURY**
- [ ] 310 AIRPLANE
- [ ] 315 AIRPLANE PRODUCT LIABILITY
- [ ] 320 ASSAULT, LIBEL & SLANDER
- [ ] 330 FEDERAL EMPLOYERS' LIABILITY
- [ ] 340 MARINE
- [ ] 345 MARINE PRODUCT LIABILITY
- [ ] 350 MOTOR VEHICLE
- [ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
- [ ] 360 OTHER PERSONAL INJURY

**PERSONAL INJURY**
- [ ] 362 PERSONAL INJURY - MED MALPRACTICE
- [X] 365 PERSONAL INJURY PRODUCT LIABILITY
- [ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**
- [ ] 370 OTHER FRAUD
- [ ] 371 TRUTH IN LENDING
- [ ] 380 OTHER PERSONAL PROPERTY DAMAGE
- [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**FORFEITURE/PENALTY**
- [ ] 610 AGRICULTURE
- [ ] 620 FOOD & DRUG
- [ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
- [ ] 630 LIQUOR LAWS
- [ ] 640 RR & TRUCK
- [ ] 650 AIRLINE REGS
- [ ] 660 OCCUPATIONAL SAFETY/HEALTH
- [ ] 690 OTHER

**LABOR**
- [ ] 710 FAIR LABOR STANDARDS ACT
- [ ] 720 LABOR/MGMT RELATIONS
- [ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT
- [ ] 740 RAILWAY LABOR ACT
- [ ] 790 OTHER LABOR LITIGATION
- [ ] 791 EMPL RET INC SECURITY ACT

**BANKRUPTCY**
- [ ] 422 APPEAL 28 USC 158
- [ ] 423 WITHDRAWAL 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 COPYRIGHTS
- [ ] 830 PATENT
- [ ] 840 TRADEMARK

**SOCIAL SECURITY**
- [ ] 861 MIA (1395FF)
- [ ] 862 BLACK LUNG (923)
- [ ] 863 DIWC (405(g))
- [ ] 863 DIWW (405(g))
- [ ] 864 SSID TITLE XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 TAXES
- [ ] 871 IRS-THIRD PARTY 20 USC 7609

**OTHER STATUTES**
- [ ] 400 STATE REAPPORTIONMENT
- [ ] 410 ANTITRUST
- [ ] 430 BANKS & BANKING
- [ ] 450 COMMERCE/ICC RATES/ETC
- [ ] 460 DEPORTATION
- [ ] 470 RACKETEER INFLUENCED & CORRUPT ORGANIZATION ACT (RICO)
- [ ] 480 CONSUMER CREDIT
- [ ] 490 CABLE/SATELLITE TV
- [ ] 810 SELECTIVE SERVICE
- [ ] 850 SECURITIES/COMMODITIES/EXCHANGE
- [ ] 875 CUSTOMER CHALLENGE 12 USC 3410
- [ ] 891 AGRICULTURE ACTS
- [ ] 892 ECONOMIC STABILIZATION ACT
- [ ] 893 ENVIRONMENTAL MATTERS
- [ ] 894 ENERGY ALLOCATION ACT
- [ ] 895 FREEDOM OF INFORMATION ACT
- [ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
- [ ] 950 CONSTITUTIONALITY OF STATE STATUTES
- [ ] 890 OTHER STATUTORY ACTIONS

### ACTIONS UNDER STATUTES

**REAL PROPERTY**
- [ ] 210 LAND CONDEMNATION
- [ ] 220 FORECLOSURE
- [ ] 230 RENT LEASE & EJECTMENT
- [ ] 240 TORTS TO LAND
- [ ] 245 TORT PRODUCT LIABILITY
- [ ] 290 ALL OTHER REAL PROPERTY

**CIVIL RIGHTS**
- [ ] 441 VOTING
- [ ] 442 EMPLOYMENT
- [ ] 443 HOUSING ACCOMMODATIONS
- [ ] 444 WELFARE
- [ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
- [ ] 446 AMERICANS WITH DISABILITIES -OTHER
- [ ] 440 OTHER CIVIL RIGHTS

**PRISONER PETITIONS**
- [ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255
- [ ] 530 HABEAS CORPUS
- [ ] 535 DEATH PENALTY
- [ ] 540 MANDAMUS & OTHER
- [ ] 550 CIVIL RIGHTS
- [ ] 555 PRISON CONDITION

*Check if demanded in complaint:*

CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $_____ OTHER _____

*Check YES only if demanded in complaint*
JURY DEMAND: ☒ YES ☐ NO

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.? IF SO, STATE:

JUDGE KEENAN _____ DOCKET NUMBER 06-MDL 1789

NOTE: Please submit at the time of filing an explanation of why cases are deemed related.

(SEE REVERSE)

(PLACE AN *x* IN ONE BOX ONLY)                                    **ORIGIN**

| ☒ 1 Original Proceeding | ☐ 2a. Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from (Specify District) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judge Judgment |
|---|---|---|---|---|---|---|
| | ☐ 2b. Removed from State Court AND at least one party is a pro se litigant | | | | | |

(PLACE AN *x* IN ONE BOX ONLY)            **BASIS OF JURISDICTION**            *IF DIVERSITY, INDICATE*
*CITIZENSHIP BELOW.*

☐ 1 U.S. PLAINTIFF    ☐ 2 U.S. DEFENDANT    ☐ 3 FEDERAL QUESTION    ☒ 4 DIVERSITY    *(28 USC 1332, 1441)*
(U.S. NOT A PARTY)

### CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF | DEF | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ] 1 | [ ] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3 | [ ] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5 | [X] 5 |
| CITIZEN OF ANOTHER STATE | [X] 2 | [ ] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4 | [ ] 4 | FOREIGN NATION | [ ] 6 | [ ] 6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

PAUL E. SWAIN, III
406 S. Boulder
Suite 423
Tulsa, OK  74103

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

MERCK & CO., INC.
ONE MERCK DRIVE
P.O. BOX 100, WS3AB-05
WHITEHOUSE STATION, NEW JERSEY, 08889-0100

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one:    THIS ACTION SHOULD BE ASSIGNED TO:    ☐ WHITE PLAINS    ☒ FOLEY SQUARE
(DO NOT check either box if this a PRISONER PETITION.)

| DATE    2/23/08    RECEIPT # | SIGNATURE OF ATTORNEY OF RECORD | ADMITTED TO PRACTICE IN THIS DISTRICT [ ] NO [x] YES (DATE ADMITTED  Mo. 5    Yr. 2007 ) Attorney Bar Code #  XXXXX |
|---|---|---|

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

J Michael McMahon, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

AO 440 (Rev. 10/93) Summons in a Civil Action - SDNY WEB 4/99

# United States District Court

SOUTHERN _____ DISTRICT OF _____ NEW YORK

PAUL E. SWAIN, III, individually,
as next of kin of and as representative
of the Estate of PRISCILLA M. SWAIN,
deceased

## SUMMONS IN A CIVIL CASE

V.

CASE NUMBER:

MERCK & CO., INC.

TO: (Name and address of defendant)

MERCK & CO., INC.
C/O C T CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NEW YORK, 10011

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

MEGHAN M. TANS
LEVIN, PAPANTONIO, THOMAS, MITCHELL, ECHSNER & PROCTOR, P.A.
316 S. BAYLEN STREET, SUITE 600
PENSACOLA, FL 32591

an answer to the complaint which is herewith served upon you, within _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

CLERK _____

DATE _____

(BY) DEPUTY CLERK _____

AO 440 (Rev. 10/93) Summons In a Civil Action -SDNY WEB 4/99

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and Complaint was made by me[1] | DATE |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐     Served personally upon the defendant.  Place where served: _____
_____

☐     Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____
_____

☐     Returned unexecuted: _____
_____
_____
_____

☐     Other (specify): _____
_____
_____

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

| DECLARATION OF SERVER |
|---|

     I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____          _____
            Date                                         Signature of Server

                                      _____
                                      Address of Server

_____

(1)      As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
IN RE: Fosamax Products Liability          :
Litigation                                 :                1:06-md-1789 (JFK)
                                           :
------------------------------------------------x
                                           :       ORDER FOR ADMISSION
*This Document Relates to:* MDL-1789       :       PRO HAC VICE
                                           :
*Fredericka Allen v. Merck Case No.:06-cv-9452*    :
*Bridget Arcemont v. Merck Case No.: 07-cv-3389*   :
*Virginia Bergeson v. Merck Case No.: 06-cv-9454*  :
*Shirley Boles v. Merck Case No.:06-cv-9455*       :          USDC SDNY
*Sharon Bradford v. Merck Case No.: 07-cv-477*     :          DOCUMENT
*Winnie Braswell v. Merck Case No.: 1:07-cv-1413*  :          ELECTRONICALLY FILED
*Roberta Brodin v. Merck Case No : 07-cv-3466*     :          DOC #: _____
*Brenda Carpenter v. Merck Case No.: 07-cv-3464*   :          DATE FILED:  5-30-2007
*Sonja Daroff v. Merck Case No.: 07-cv-3462*       :
*Debra Flores v. Merck Case No.: 07-cv-02442*      :
*Sandra Hall v. Merck Case No.: 07-cv-3467*        :
*Porcia Hardy v. Merck Case No.: 07-cv-797*        :
*Carolyn Hester v. Merck Case No.:06-cv-9450*      :
*Pamela Hines v. Merck Case No.: 07-cv-480*        :
*Rochelle Kenly v. Merck Case No.: 07-cv-00478*    :
*Anna Merwin v. Merck Case No.: 07-cv-3463*        :
*Janice Moe v. Merck Case No.: 07-cv-00479*        :
*James Napier v. Merck Case No.:06-cv-9451*        :
*Wilma Parslow v. Merck Case No.: 07-cv-3465*      :
*Tamae Porter v. Merck Case No.: 07-cv-790*        :
*Margaret Steelove v. Merck Case No.: 07-cv-3459*  :
*Maxine Sklute v. Merck Case No.: 07-cv-3461*      :
*Edna Sykes v. Merck Case No.:07-cv-1412*          :
*Kathleen Toelke v. Merck Case No.:06-cv-7629*     :
*Reyna Vondercar v. Merck Case No.:06-cv-11329*    :
*Nellie Wade v. Merck Case No.:06-cv-9453*         :
*Carol Young v. Merck Case No.: 06-cv-0531*        :
*Bonnie Laughlin v. Merck Case No.:07-cv-3827*     :
------------------------------------------------:

Considering the Certificate of Good Standing submitted by counsel, IT IS

HEREBY ORDERED that:

Meghan M. Tans
Levin, Papantonio, Thomas, Mitchell, Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 400
P.O. Box 12308 (32591)
Pensacola, FL 32502
Phone:  (850) 435-7181
Facsimile:  (850) 436-6181
Email: mtans@levinlaw.com

is admitted to practice pro hac vice as counsel for the plaintiffs in the above-referenced

MDL proceeding.

Signed this **30** day of _____*May*_____, 2007, at ____*New York*____, New

York.

_____*John F. Keenan*_____
UNITED STATES DISTRICT COURT JUDGE

Case 1:06-md-01789-JFK-JCF    Document 110    Filed 05/30/2007    Page 3 of 3

AO 136 (Rev. 9/98) Certificate of Good Standing

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA

## CERTIFICATE OF GOOD STANDING

*I, Sheryl L. Loesch , Clerk of this Court,*

*certify that Meghan M. Tans, Bar # 00888745,*

*was duly admitted to practice in this Court on*

*April 22, 2005, and is in good standing*

*as a member of the Bar of this Court.*

*Dated at Jacksonville, Florida, on May 17, 2007.*

_SHERYL L. LOESCH_
CLERK

DEPUTY CLERK